Hudson County Circuit Court.

JOHN BRADY, PLAINTIFF, v. WILLIAM HAUENSTEIN, DEFENDANT.

Opposed, *John T. Fitzgerald.*

ACKERSON, J. This matter comes before me upon a motion of the plaintiff to strike out and vacate a demand for a bill of particulars served upon him by the defendant, upon several grounds which on the argument of the motion fell under two general heads, first, that this being a tort action, the defendant could not demand particulars without first obtaining an order of the court, and secondly that the questions are improper as being peculiarly within the knowledge of the defendant and as attempting to pry into the plaintiff's case, &c.

As to the first ground, it is sufficient to say that whatever may have been the ancient practice of the common law in tort cases, that in New Jersey, by analogy to section 102 of the Practice act of 1903 as preserved in effect by rule 18 appended to the Practice act of 1912, dealing with contract actions, our courts have recognized the practice of demanding a bill of particulars in tort actions without first obtaining an order of the court.

In the leading case of *Watkins* v. *Cope,* 84 *N. J. L.* 143 (at *p.* 148), which was in tort, it was said that:

"The right to get the desired particulars of the adversary's case being already. enforceable by a demand for them and, if necessary, by an order of court, it is plain that the use of interrogatories to draw them out is improper."

In *Hopper* v. *Gillett*, 6 *N. J. Mis. R.* 63, which was a tort action, the practice was recognized. The case of *Dixon* v. *Swenson*, 101 *N. J. L.* 22 (at *p.* 24), holds that "our act, on the subject of a bill of particulars, is not a new law, but a confirmation of the common law, manifested by universal practice." It is indicated that no distinction was made at common law between tort and contract actions so far as the demand for a bill of particulars is concerned. In any event, a demand for a bill of particulars is now recognized in New Jersey by long established practice as a proper way of obtaining the particulars of a case, even though an order in the first instance may also be resorted to. The demand for a bill of particulars in the case *sub judice* will not, therefore, be stricken out.

.Turning now to the particulars demanded, we must keep in mind that a "bill of particulars has the two-fold effect of informing the defendant, with relation to the details of the plaintiff's case, with a view of preparation of a proper pleading in reply to the complaint, and also limiting the plaintiff's proof on the trial as well as appraising the defendant what is proposed to be set up, to the end that the defendant may prepare a proper defense." *Hopper* v. *Gillet, supra.*

With this scope in mind it is apparent that all of the questions propounded. by the defendant are proper and should be answered. An inquiry as to the names of physicians and nurses is proper under the last cited case, and if this is so, it would appear that their addresses would be the proper subject of inquiry also for the purpose of identification, so that defendant would know exactly the doctors and nurses referred to, and thus also limit the plaintiff to the particular persons intended where the doctor or nurse possessed a. name common to many in the profession. For example there may be many Doctor Smiths, hence the address of the one intended may become material for the purpose of exact identification.

Since the particulars asked for should be furnished, the plaintiff's motion will be denied.